UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WANITA GATES**, individually, as decedent Rayshaun V. Cole's successor in interest; **A.C.**, a minor, by and through her guardian ad litem, Kendra Thompson; **J.C.**, a minor, by and through his guardian ad litem, Jessica Richards; **K.C.**, a minor, by and through her guardian ad litem, Wanita Gates; **S.G.**, a minor, by and through her guardian ad litem, Ebony Gregg; **N.M.**, a minor, by and through her guardian ad litem, Katrina Copeland; **C.M.**, a minor, by and through her guardian ad litem, Charome Moss; **B.P.**, a minor, by and through his guardian ad litem, Tiaisha Sneed;<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**; **RESPONSIBLE CUSTOMS AND BORDER PROTECTION OFFICIALS DOES 1** through **20**; and **DOES 21** through **25**, inclusive,<br><br>Defendants. | Case No.: 17-cv-2093-JAH-BGS<br><br>**ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS** |

1

# INTRODUCTION

Presently before the Court is Defendant United States of America's ("Defendant" or "United States") Motion to Dismiss pursuant to Rule 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure [Doc. No. 4–1]. The motion has been fully briefed. After careful consideration of the pleadings, and for the reasons set forth below, the United States' Motion to Dismiss is **GRANTED**.

# BACKGROUND

Rayshaun Cole ("Cole") was a United States Navy veteran, defense contractor, and real estate investor. See Doc. No. 1, ¶ 17. In October of 2015, Cole was living in Chula Vista with his girlfriend, Melissa Hayes-Spencer ("Hayes-Spencer") who was employed as a CBP agent. Id. The couple was not married and had no children together, although Cole had seven children from previous relationships. Id. On or about October 17, 2015, Hayes-Spencer fatally shot Cole in the chest using her CBP issued firearm. Id. at ¶ 18. Several months after the shooting, Hayes-Spencer was killed in a car accident. See Doc. No. 4–1, pg. 7.

Cole's mother Wanita Gates along with his seven children (collectively "Plaintiffs") initiated this lawsuit against Defendants on October 11, 2017. [Doc. No. 1]. In the complaint, Plaintiffs assert several claims under the Federal Tort Claims Act ("FTCA") against the United States and unknown United States Customs and Border Protection ("CBP") personnel. Id. The FTCA claims include: (1) Wrongful Death, (2) Negligent Hiring, Supervision and Retention, (3) Negligent Training, and (4) Negligent Entrustment of a Firearm. Id. The complaint also includes several Bivens claims against the unknown CBP personnel for civil rights violations. Id. On December 15, 2017, the United States filed this Motion to Dismiss, or in the alternative for Summary Judgment. [Doc. No. 4]. The motion has been fully briefed by the parties. See Doc. Nos. 5, 6. On February 16, 2017, this Court took the motion under submission pursuant to Civil Local Rule 7.1.d.1. [Doc. No. 7].

\\

# DISCUSSION

## I. Motion to Dismiss

### a. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss for failure to state a claim for relief. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, the plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the reviewing court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

When ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

### b. **Analysis**

As an initial matter, in its Motion to Dismiss the United States makes several arguments to which Plaintiffs concede. First, the only proper defendant to a FTCA claim, is the United States. See Doc. Nos. 4–1, 5. Accordingly, the FTCA claims, as to the Customs and Border Protection officials, are **DISMISSED with prejudice**. Next, the United States argues that there has been no waiver of sovereign immunity permitting the recovery of prejudgment interest under the FTCA. See Doc. No. 4–1, pg. 20. Plaintiffs do not oppose striking the request for an award of prejudgment interest from their complaint, and as such, the prayer for an award of prejudgment interest is **STRICKEN** from the complaint. See Doc. No. 5, pg. 10.

As to the merits, the United States makes several arguments in support of its Motion to Dismiss. First, it is the United States' position that the Court lacks subject matter jurisdiction over the FTCA claims due to the discretionary function exception, which acts as a jurisdictional bar to FTCA claims. See Doc. No. 4–1, pgs. 12–16. Next, the United States contends that the complaint fails to plead facts supporting a breach of an alleged duty by CBP or that the alleged breach was the cause of Plaintiffs' injury. Id. at pg. 16–20. Finally, the United States argues that Plaintiff Wanita Gates lacks standing to bring a wrongful death action based on her status as the decedent's mother. Id. at pg. 22. The arguments will be addressed in turn below.

4

### i. Discretionary Function Exception to the FTCA

The FTCA is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The FTCA waives the federal government's sovereign immunity when its employees are negligent within the scope of their employment. Faber v. United States, 56 F.3d 1122, 1124 (9th Cir.1995). There are exceptions to the FTCA's immunity waiver including the discretionary function exception, which bars claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In other words, the discretionary function exception restores the government's immunity in situations where its employees are carrying out governmental or "regulatory" duties. Faber, 56 F.3d at 1124. "The purpose of the discretionary function exception is to protect the ability of the government to proceed with decision making in carrying out its unique and vital functions without 'second-guessing' by the courts as to the appropriateness of its policy choices." Gaede v. U.S. Forest Serv., No. CV F 12-0468 LJO DLB, 2013 WL 129303, at *4 (E.D. Cal. Jan. 9, 2013) (quoting H.R.Rep. No. 1015, 101st Cong. 2nd. Sess. 134 (1991)).

While a plaintiff bears the initial burden of establishing subject matter jurisdiction under the FTCA, the United States bears the ultimate burden of proving the discretionary function exception should apply. Faber, 56 F.3d at 1124. The Supreme Court has established a two-step process for evaluating whether a claim falls within the discretionary function exception. See United States v. Gaubert, 499 U.S. 315, 322, 325, 111 S.Ct. 1267, 1273, 1275, 113 L.Ed.2d 335 (1991); Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 813, 820, 104 S.Ct. 2755, 2764, 2768, 81 L.Ed.2d 660 (1984). First, the court examines whether the government's

actions are "discretionary in nature, acts that involv[e] an element of judgment or choice." Gaubert, 499 U.S. at 322 (internal quotation marks omitted). In making this examination, it is "the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." Varig, 467 U.S. at 813. "If there is . . . a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive." Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir.2008) (internal quotation marks omitted). Second, "even assuming the challenged conduct involves an element of judgment, it remains to be decided whether that judgment is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322–23 (internal quotation marks omitted). "The exception protects only government actions and decisions based on social, economic, and political policy." Miller v. United States, 163 F.3d 591, 593 (9th Cir.1998) (internal quotation marks omitted).

The United States argues that Plaintiffs' FTCA claims all arise out of the discretionary acts of the CBP concerning the hiring, training, supervision, retention, and issuance of a firearm to Hayes-Spencer, and as such, are barred by the discretionary function exception. Doc. No. 4–1, pg. 16. The United States cites to numerous Ninth Circuit decisions wherein the Court of Appeals held negligent or reckless employment, supervision, and training of government employees falls squarely within the discretionary function exception of the FTCA. Id. at pg. 15 (citing Nurse v. United States, 226 F.3d 996, 1001 (9th Cir. 2000); Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000); Doe v. Holy See, 557 F.3d 1066, 1084 (9th Cir. 2009)). Plaintiffs' argue the discretionary function exception does not apply to this case because CBP's own policies and procedures mandate that Hayes-Spencer should have never been issued a firearm. Doc. No. 5, pg. 6.

As stated above, Plaintiffs' are required to advance a claim that is facially outside the discretionary function exception in order to defeat a motion to dismiss. Prescott v. United States, 973 F.2d 696, 702 (9th Cir. 1992)). Here, Plaintiffs' have not pleaded facts sufficient to demonstrate that the discretionary function exception does not apply to the

CBP's hiring, training, supervision, retention, and issuance of a firearm. See Gordo-Gonzalez v. United States, 873 F.3d 32, 37 (1st Cir. 2017) ("[W]ithout pleading specific facts sufficient to show that the challenged conduct did not involve a discretionary function, the plaintiff cannot lay claim to the FTCA's waiver of sovereign immunity. We need go no further."). Plaintiffs' do not allege in the body of their complaint, nor do they attach as an exhibit, a specific CBP policy or procedure that governs the challenged conduct. In their opposition, Plaintiffs' cite to numerous CPB policies, arguing that based upon such policies, CBP had no discretion to issue Hayes-Spencer a firearm. Doc. No. 5, pg. 6. However, in determining the propriety of a Rule 12(b)(6) dismissal, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 fn. 1 (9th Cir. 1998) (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir.1993); see also 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")). Accordingly, because the Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims, they are **DISMISSED**.[1]

Additionally, Plaintiffs' second and third FTCA causes of action assert claims solely for the negligent hiring, supervision, retention, and training of Hayes-Spencer by the CBP. See Doc. No. 1, ¶¶ 39–52. As previously noted, the United States argues that such activities are clearly embraced within the purview of the discretionary function exception. See Doc. No. 4–1, pg. 15. In opposition, Plaintiffs' argue in a very general sense that the discretionary exception does not apply, but Plaintiffs' do not address the specific arguments of the United States. Instead, the entirety of Plaintiffs' opposition focuses on CBP's negligent entrustment of a firearm. By failing to address the arguments made against their

---

[1] Finding dismissal appropriate based on lack of subject matter jurisdiction, the Court need not address the United States' remaining arguments.

claims for the negligent hiring, supervision, retention, and training of Hayes-Spencer in their opposition, Plaintiffs' have waived them. See <u>Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.</u>, 802 F.Supp.2d 1125 (C.D.Cal.2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."). Accordingly, Plaintiffs' second and third causes of action are **DISMISSED with prejudice**.

## **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss Plaintiffs' complaint is **GRANTED**;
    a. Plaintiffs' second and third FTCA claims, and all FTCA claims as to the unknown Customs and Border Protection officials are **DISMISSED with prejudice**;
    b. All remaining claims against the United States are **DISMISSED without prejudice**;
2. To the extent that Plaintiff is able to cure the noted deficiencies, Plaintiffs may file a First Amended Complaint **within twenty-one (21) days** from the date of this Order.

**IT IS SO ORDERED.**

DATED: July 5, 2018

_____
JOHN A. HOUSTON
United States District Judge