UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| **WANITA GATES**, individually, as decedent Rayshaun V. Cole's successor in interest; **A.C.**, a minor, by and through her guardian ad litem, Kendra Thompson; **J.C.**, a minor, by and through his guardian ad litem, Jessica Richards; **K.C.**, a minor, by and through her guardian ad litem, Wanita Gates; **S.G.**, a minor, by and through her guardian ad litem, Ebony Gregg; **N.M.**, a minor, by and through her guardian ad litem, Katrina Copeland; **C.M.**, a minor, by and through her guardian ad litem, Charome Moss; **B.P.**, a minor, by and through his guardian ad litem, Tiaisha Sneed;  Plaintiffs, v. **UNITED STATES OF AMERICA; RESPONSIBLE CUSTOMS AND BORDER PROTECTION OFFICIALS DOES 1 through 20; and DOES 21 through 25; inclusive**, Defendant. | Case No.  17cv2093-JAH (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 10)** |
|---|---|

# INTRODUCTION

Pending before the Court is Defendant United States of America's ("Defendant") motion to dismiss Plaintiffs' first Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 10. Defendant also moves to dismiss the complaint for a lack of standing pursuant to Rule 12(b)(1). Id. Plaintiffs filed an opposition to the motion. Doc. No. 11. After careful review of the pleadings filed by both parties, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss with prejudice.

# BACKGROUND

Defendant filed a motion to dismiss Plaintiffs' initial complaint on December 15, 2017. Doc. No. 4. The Court issued an order **GRANTING** Defendant's motion to dismiss Plaintiffs' initial complaint.[1] Doc. No. 8. Plaintiffs timely filed the FAC on July 26, 2018. Doc. No. 9. On August 9, 2018, Defendant filed a motion to dismiss Plaintiffs' FAC for failure to state a claim and lack of jurisdiction. Doc. No. 10. Plaintiffs filed a response in opposition on September 10, 2018. Doc. No. 11.

# LEGAL STANDARD

## I. Federal Rule of Civil Procedure 12(b)(1)

Under 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077

---

[1] The Court addressed the case's prior procedural history in its order granting Defendant's motion to dismiss Plaintiffs' initial complaint. Doc. No. 8.

(9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## II.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant moves to dismiss the instant complaint on the grounds that the FAC fails to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant also moves to dismiss the instant complaint for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).

Plaintiffs' FAC asserts four causes of action. The first two causes of action are FTCA claims.[2] The second two causes of action are *Bivens* claims. The Court will analyze Plaintiffs' claims and address Defendant's motion to dismiss.

//
//
//

---

[2] Because the Court finds that it does not have subject matter jurisdiction over Plaintiffs' FTCA claims, the Court will not address the balance of arguments on these claims.

4

I.  **FTCA Claims**

Defendant argues that Plaintiffs' FTCA claims fall under the FTCA's discretionary function exception and are not within the Court's subject matter jurisdiction. Doc No. 10-1 at pg. 10.

The FTCA is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The FTCA waives the federal government's sovereign immunity when its employees are negligent within the scope of their employment. Faber v. United States, 56 F.3d 1122, 1124 (9th Cir.1995). There are exceptions to the FTCA's immunity waiver including the discretionary function exception, which bars claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In other words, the discretionary function exception restores the government's immunity in situations where its employees are carrying out governmental or "regulatory" duties. Faber, 56 F.3d at 1124. "The purpose of the discretionary function exception is to protect the ability of the government to proceed with decision making in carrying out its unique and vital functions without 'second-guessing' by the courts as to the appropriateness of its policy choices." Gaede v. U.S. Forest Serv., No. CV F 12-0468 LJO DLB, 2013 WL 129303, at *4 (E.D. Cal. Jan. 9, 2013) (quoting H.R.Rep. No. 1015, 101st Cong. 2nd. Sess. 134 (1991)).

While a plaintiff bears the initial burden of establishing subject matter jurisdiction under the FTCA, the United States bears the ultimate burden of proving the discretionary function exception should apply. Faber, 56 F.3d at 1124. The Supreme Court has established a two-step process for evaluating whether a claim falls within the discretionary function exception. See United States v. Gaubert, 499 U.S. 315, 322, 325, 111 S.Ct. 1267, 1273, 1275, 113 L.Ed.2d 335 (1991); Berkovitz by Berkovitz v. United States, 486 U.S.

5

531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988); <u>United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)</u>, 467 U.S. 797, 813, 820, 104 S.Ct. 2755, 2764, 2768, 81 L.Ed.2d 660 (1984). First, the court examines whether the government's actions are "discretionary in nature, acts that involv[e] an element of judgment or choice." <u>Gaubert</u>, 499 U.S. at 322 (internal quotation marks omitted). In making this examination, it is "the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." <u>Varig</u>, 467 U.S. at 813. "If there is . . . a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive." <u>Terbush v. United States</u>, 516 F.3d 1125, 1129 (9th Cir.2008) (internal quotation marks omitted). Second, "even assuming the challenged conduct involves an element of judgment, it remains to be decided whether that judgment is of the kind that the discretionary function exception was designed to shield." <u>Gaubert</u>, 499 U.S. at 322–23 (internal quotation marks omitted). "The exception protects only government actions and decisions based on social, economic, and political policy." <u>Miller v. United States</u>, 163 F.3d 591, 593 (9th Cir.1998) (internal quotation marks omitted).

Here, Defendant argues that Plaintiffs do not make FTCA claims outside the discretionary function exception and thus fail to state plausible claims within the Court's subject matter jurisdiction. Doc. No. 10-1 at pg. 10. Specifically, Defendant contends the claims of negligent hiring, training, supervising and arming Hayes-Spencer fall under the discretionary function exception. <u>Id.</u> at pgs. 12-18.

In response, Plaintiffs argue the discretionary function exception does not apply because Hayes-Spencer was not qualified to possess a CBP-issued firearm. Doc. No. 11 at pg. 3. Specifically, Plaintiffs contend, due to Hayes-Spencer's previous conduct, psychological condition, and failure of firearms testing, CBP did not have discretion to issue her the firearm. <u>Id.</u> at pgs. 3-4.

The Court finds the discretionary function exception applies to Plaintiffs' FTCA claims, and thus the Court lacks subject matter jurisdiction. CBP is a federal law

enforcement agency. Its functions are unique and vital to law enforcement. See Gaede, No. CV F 12-0468 LJO DLB, 2013 WL 129303, at *4. The decision to arm its officers is the kind of judgment "that the discretionary function exception was designed to shield." See Gaubert, 499 U.S. at 322–23. The Court finds that Defendant met its burden of proving the discretionary function exception should apply here. See Faber, 56 F.3d at 1124. Thus, the Court finds that Plaintiffs' FTCA claims fall under the discretionary function exception, and the Court lacks subject matter jurisdiction over these claims.

## II. *Bivens* Claims

Defendant argues that Plaintiffs fail to properly plead the *Bivens* claims. See Doc. No. 10-1 at pgs. 18-24.

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "standing" to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. V. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000).

The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.*, "the injury has to be fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] the independent action of some third party not before the court." Id. (quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976)) (alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561. If the Court finds plaintiff lacks Article III standing, it must dismiss plaintiff's claim

7

17cv2093-JAH (BGS)

for lack of subject matter jurisdiction under Rule 12(b)(1). <u>Nichols v. Brown</u>, 859 F. Supp. 2d 1118. 1127 (C.D. Cal. 2012).

Defendant argues CBP did not owe a specific duty to Cole or his family. <u>Id.</u> at pg. 19. <u>Id.</u> Defendant posits, to impute liability on an employer for tortious conduct committed by an employee acting outside the scope of employment, there must be a special relationship between the injured third-party and employer. <u>Id.</u> Defendant posits here, Plaintiffs do not allege a special relationship between Cole and CBP. <u>Id.</u> at pg. 21. Defendant contends that Plaintiffs have not pled facts supporting the notion Defendant was the legal or proximate cause of Cole's death. <u>Id.</u> Defendant also argues that Plaintiff Wanita Gates ("Gates") cannot recover for Cole's pre-death pain and suffering. Doc. No. 10-1 at pg. 22 (citing Cal. Civ. Proc. Code § 377.34). Defendant contends that Plaintiff Gates does not have standing to bring a wrongful death action. Doc. No. 10-1 at pg. 23. Specifically, Defendant posits only 'dependents' have standing to bring wrongful death actions, and Plaintiff Gates is bringing her suit solely on her status as the decedent's mother. <u>Id.</u> Defendant contends that Plaintiff Gates did not demonstrate she qualifies as 'a dependent.' <u>Id.</u> at pgs. 23-24. Defendant argues that Cole's death and Plaintiffs' alleged injury was not a foreseeable consequence of giving Hayes-Spencer a CBP-issued firearm. <u>Id.</u> at pgs. 22-24.

Plaintiffs argue there is a special relationship between suppliers of 'dangerous instruments' and those that receive 'dangerous instruments.' Doc. No. 11 at pg. 5. Plaintiffs contend this creates a duty of care to third-parties. <u>Id.</u> Plaintiffs posit suppliers that know or have reason to know a recipient's conduct could result in injury, owe a duty not to give the dangerous instrument to the recipient. <u>Id.</u> at pg. 6. Plaintiffs posit firearms are dangerous instruments. <u>Id.</u> Plaintiff Gates contends that she has standing to bring her causes of action. Doc. No. 11 at pg. 7. Plaintiff Gates posits that anyone financially dependent on a decedent can bring a wrongful death action. <u>Id.</u> Plaintiffs contend CBP should not have issued a firearm to Hayes-Spencer and Cole sustained his fatal injuries due to the issuance of Hayes-Spencer's firearm. <u>Id.</u> at pg. 7.

8

The Court finds that Plaintiffs lacks standing to assert the *Bivens* claims. While the standard for reviewing standing at the pleading stage is lenient, the Court reiterates that Plaintiffs cannot rely solely on conclusory allegations of injury or ask the Court to draw unwarranted inferences in order to find standing. See <u>Schmeir v. U.S. Ct. of Appeals for the Ninth Cir.</u>, 279 F.3d 817, 820 (9th Cir. 2001). Plaintiffs do not demonstrate how CBP owed them a duty; how CBP breached that alleged duty; or how the alleged breach injured Plaintiffs. The Court finds that Plaintiffs fail to plead how the injury suffered is traceable to Defendant's actions and not some third party that is not present before the court. See <u>Lujan</u>, 504 U.S. at 560. Hayes-Spencer was not operating within the scope of employment when she shot Cole, and Plaintiffs do not demonstrate a special relationship that would make Defendant liable. The Court finds that Plaintiffs' FAC did not remedy the deficiencies of the initial complaint.

## CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss Amended Complaint (Doc. No. 10) is **GRANTED**, and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: January 10, 2019

_____
JOHN A. HOUSTON
United States District Judge